UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT ZACCARDI,

              Petitioner,

    v.

E. ARNOLD,

              Respondent.

No.  2:17-cv-1405 KJN P

<u>ORDER TO SHOW CAUSE</u>

I.  <u>Introduction</u>

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

II.  <u>Request to Proceed In Forma Pauperis</u>

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  <u>See</u> 28 U.S.C. § 1915(a).

III.  <u>Legal Standards</u>

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  <u>Id.</u>  Courts have authority to address statute of limitations *sua sponte*, but the court is required to give the petitioner notice and an

1

opportunity to respond before dismissing the case.  See Herbst v. Cook, 260 F.3d 1039, 1043-44, & n.3 (9th Cir. 2001).

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).  Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered.  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012).  However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing."  Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)).  Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme

2

Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III.  Chronology

Petitioner was convicted of second degree murder with use of a firearm on August 23, 1983, and sentenced to 17 years to life.  (ECF No. 1 at 1.)  Petitioner filed an appeal, which was denied by the appellate court, and his petition for review was also denied by the California Supreme Court.  Petitioner states he cannot recall the dates due to the passage of time.

Petitioner did not file a petition for certiorari in the United States Supreme Court, and states he filed no other collateral challenges in any other court, state or federal.  (ECF No. 1 at 2.)

Petitioner constructively filed the instant action on July 5, 2017.  (ECF No. 1 at 9.)  Petitioner raises two grounds in his petition:

1.  Petitioner's second degree murder sentence violates due process because he was convicted pursuant to a penal code statute which defines and dictates second degree murder by ten words.

2.  Petitioner's continued imprisonment violates the Eighth Amendment because his sentence is not proportional.

IV.  Appellate Courts Case Information[1]

The California Courts official website reflects petitioner filed the following cases:

---

[1]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

1. On July 8, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. In re Albert Zaccardi on Habeas Corpus, Case No. C065474 (Cal. App. 3). The appellate court denied the petition on July 22, 2010. Id.

2. On February 21, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. In re Albert Zaccardi on Habeas Corpus, Case No. C075817 (Cal. App. 3). The appellate court denied the petition on March 6, 2014. Id.

3. On January 26, 2017, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. In re Albert Zaccardi on Habeas Corpus, Case No. C065474 (Cal. App. 3). The appellate court denied the petition on February 3, 2017. Id.

4. On August 27, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Zaccardi (Albert) on Habeas Corpus, Case No. S185849 (Cal. S. Ct.). The California Supreme Court denied the petition on March 16, 2011. Id.

5. On April 19, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Zaccardi (Albert) on Habeas Corpus, Case No. S241367 (Cal. S. Ct.). On June 14, 2017, the California Supreme Court denied the petition without prejudice to any relief petitioner might be entitled after the California Supreme Court decides Butler on Habeas Corpus, S237014.[2]

////

_____

[2] In Butler, the California Supreme Court Case Summary notes that the case is fully briefed, and identifies the pending issues as:

> Petition for review after the Court of Appeal denied a motion to modify an order implementing a settlement agreement. This case presents the following issue: Should the Board of Parole Hearings be relieved of its obligations arising from a 2013 settlement to continue calculating base terms for life prisoners and to promulgate regulations for doing so in light of the 2016 statutory reforms to the parole suitability and release date scheme for life prisoners, which now mandate release on parole upon a finding of parole suitability?

Id.

1  V.  <u>Discussion</u>

2    Here, petitioner's conviction became final prior to the enactment of AEDPA.  State

3  prisoners whose convictions became final prior to AEDPA's enactment, had a one-year grace

4  period in which to file their petitions.  <u>Calderon v. United States Dist. Ct. (Beeler)</u>, 128 F.3d

5  1283, 1286 (9th Cir. 1997), <u>overruled in part on other grounds by</u> <u>Calderon v. United States Dist.</u>

6  <u>Ct. (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998) (<i>en banc</i>).  Thus, petitioner was required to

7  challenge his conviction on or before April 24, 1997.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245

8  (9th Cir. 2001).  Petitioner filed the instant petition on July 5, 2017.

9    Petitioner does not appear to contend that he is entitled to a later trigger date under 28

10  U.S.C. § 2244(d)(1)(B) or (C), and the petition provides no such basis.  Petitioner does not

11  contend that he was impeded from filing his federal petition by unconstitutional state action and

12  thereby entitled to a later trigger date under § 2244(d)(1)(B).  Moreover, petitioner asserts no

13  basis to contend that he is entitled to a later trigger date under § 2244(d)(1)(C) because his claim

14  is based on a federal constitutional right that was initially recognized by the United States

15  Supreme Court subsequent to the date his conviction became final and was made retroactively

16  applicable to cases on collateral review.

17    Moreover, for purposes of § 2244(d)(1)(D), the statute of limitations begins to run when a

18  petitioner "knows (or through diligence could discover) the important facts, not when the

19  [petitioner] recognizes their legal significance."  <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3

20  (9th Cir. 2001) (citation omitted).  Here, petitioner identifies no such newly-discovered facts.

21    The burden of demonstrating that the AEDPA's one-year limitations period was

22  sufficiently tolled, whether statutorily or equitably,[3] rests with the petitioner.  <u>See</u>, <u>e.g.</u>, <u>Pace v.</u>

23  _____

24  [3]  In <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's
one-year limitations period is subject to equitable tolling in appropriate cases.  However, in order

25  to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his
rights diligently and (2) some extraordinary circumstance stood in his way and prevented his

26  timely filing. <u>Id.</u> (quoting <u>Pace</u>, 544 U.S. at 418).  The Ninth Circuit has held that the <u>Pace</u>
standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable

27  tolling." <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009).  Thus, "[t]he
petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and

28  that the extraordinary circumstances made it impossible to file a petition on time.'"  <u>Porter v.</u>

DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The state court petitions filed after the limitation period expired in 1997 cannot revive the statute of limitations, and provide no statutory tolling. Ferguson, 321 F.3d at 823. In addition, given petitioner filed his federal petition over 20 years after the limitations period expired, it is unlikely he would be entitled to sufficient equitable tolling to render the instant petition timely.

Finally, to the extent petitioner is attempting to seek relief under Butler, such effort is unavailing. First, any such claim would be unexhausted. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The official records of the California Supreme Court reflect that petitioner's petition was denied without prejudice to renewal following a decision Butler, which is pending decision at this time. Thus, if petitioner wishes to pursue relief reserved pursuant to the order of the California Supreme Court, he must await the decision in Butler and then re-file his petition in the California Supreme Court. Second, in any event, it is does not appear that any decision rendered in Butler would offer petitioner a later trigger date under § 2244(d)(1)(C). Section 2244(d)(1)(C) requires that a prisoner's federal claim be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became

---

Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (as amended) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "Indeed, 'the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda, 292 F.3d at 1066 (citation omitted). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" (alteration in original) (citation omitted)).

final and was made retroactively applicable to cases on collateral review by the United States Supreme Court. Therefore, any holding by the California Supreme Court would not offer petitioner a later trigger date for the limitations period.

In conclusion, because petitioner's conviction became final before the enactment of AEDPA, and the limitations period expired on April 24, 1997, petitioner's July 15, 2017 federal petition is barred by the statute of limitations. In an abundance of caution, petitioner is ordered to show cause why this action should not be dismissed as time-barred.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. Within thirty days from the date of this order, petitioner shall show cause why this action should not be dismissed as barred by the statute of limitations.

Dated: July 13, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/zacc1405.osc