UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT ZACCARDI,

    Petitioner,

v.

E. ARNOLD,

    Respondent.

No. 2:17-cv-1405 MCE KJN P

ORDER

I. Introduction

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

II. Chronology

Petitioner was convicted of second degree murder with use of a firearm on August 23, 1983, and sentenced to 17 years to life. (ECF No. 1 at 1.) Petitioner filed an appeal, which was denied by the appellate court, and his petition for review was also denied by the California Supreme Court. Petitioner states he cannot recall the dates due to the passage of time.

Petitioner did not file a petition for certiorari in the United States Supreme Court, and states he filed no other collateral challenges in any other court, state or federal. (ECF No. 1 at 2.)

Petitioner constructively filed the instant action on July 5, 2017. (ECF No. 1 at 9.) Petitioner raises two grounds in his petition:

1

1. Petitioner's second degree murder sentence violates due process because he was convicted pursuant to a penal code statute which defines and dictates second degree murder by ten words.

2. Petitioner's continued imprisonment violates the Eighth Amendment because his sentence is not proportional.

III. <u>Appellate Courts Case Information</u>[1]

The California Courts official website reflects petitioner filed the following cases:

1. On July 8, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. <u>In re Albert Zaccardi on Habeas Corpus</u>, Case No. C065474 (Cal. App. 3). The appellate court denied the petition on July 22, 2010. <u>Id.</u>

2. On February 21, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. <u>In re Albert Zaccardi on Habeas Corpus</u>, Case No. C075817 (Cal. App. 3). The appellate court denied the petition on March 6, 2014. <u>Id.</u>

3. On January 26, 2017, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. <u>In re Albert Zaccardi on Habeas Corpus</u>, Case No. C065474 (Cal. App. 3). The appellate court denied the petition on February 3, 2017. <u>Id.</u>

4. On August 27, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. <u>Zaccardi (Albert) on Habeas Corpus</u>, Case No. S185849 (Cal. S. Ct.). The California Supreme Court denied the petition on March 16, 2011. <u>Id.</u>

5. On April 19, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. <u>Zaccardi (Albert) on Habeas Corpus</u>, Case No. S241367 (Cal. S. Ct.). On June

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. <u>White v. Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

14, 2017, the California Supreme Court denied the petition without prejudice to any relief petitioner might be entitled after the California Supreme Court decides <u>Butler on Habeas Corpus</u>, S237014.[2]

IV. <u>Order to Show Cause</u>

On July 13, 2017, petitioner was ordered to show cause why this action should not be dismissed because any challenge to his 1983 conviction is barred by the statute of limitations, which is evident from the face of the petition. (ECF No. 6 at 5-7.) In addition, petitioner was advised that he could not pursue any claim under <u>Butler</u>, because such claim is unexhausted. <u>Zaccardi (Albert) on Habeas Corpus</u>, Case No. S241367 (Cal. S. Ct.) (June 14, 2017 order denying petition without prejudice to renewal following a decision in <u>Butler</u>. Thus, if petitioner wishes to pursue relief reserved pursuant to the order of the California Supreme Court, he must await the decision in <u>Butler</u> and then re-file his petition in the California Supreme Court.

On September 6, 2017, petitioner filed an answer to the order to show cause. (ECF No. 11.) In his answer, petitioner now claims that the Board of Prison Hearings ("Board") placed a restraint on petitioner's personal liberty when the Board found petitioner unsuitable for release on October 16, 2015. (ECF No. 11 at 2.) Petitioner clarifies that he is not challenging the Board's discretionary finding of parole unsuitability; rather, petitioner argues that as a result of the parole denial, his sentence is excessive, and cruel and unusual punishment in violation of the Eighth Amendment. In addition, petitioner now challenges the allegedly unconstitutional restraint on his personal liberty caused by the imposition of the second degree murder conviction under <u>Johnson</u>

---

[2] In <u>Butler</u>, the California Supreme Court Case Summary notes that the case is fully briefed, and identifies the pending issues as:

> Petition for review after the Court of Appeal denied a motion to modify an order implementing a settlement agreement. This case presents the following issue: Should the Board of Parole Hearings be relieved of its obligations arising from a 2013 settlement to continue calculating base terms for life prisoners and to promulgate regulations for doing so in light of the 2016 statutory reforms to the parole suitability and release date scheme for life prisoners, which now mandate release on parole upon a finding of parole suitability?

<u>Id.</u>

v. United States, 135 S. Ct. 2551, 2557 (2015). Petitioner argues that Johnson's rationale "completely envelopes California's second-degree murder rule" because it "requires the felony to be 'inherently' dangerous to human life." (ECF No. 11 at 3.) Petitioner contends that in California the dangerousness of the predicate felony is measured abstractly, but in every other state it is measured concretely. (Id.)

V. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

VI. Discussion

The operative petition does not challenge or mention the October 16, 2015 parole decision. As discussed in the order to show cause, the claims raised in his petition challenge only his 1983 conviction, which became final before the enactment of AEDPA. Thus, the limitations period expired on April 24, 1997, and petitioner's July 15, 2017 federal petition is barred by the statute of limitations. (ECF No. 6.) Moreover, to the extent petitioner sought to raise claims under Butler, such claims are unexhausted. (ECF No. 6.) However, because petitioner clarified that he intended to challenge the 2015 denial of parole on various grounds, petitioner is granted leave to amend to challenge the 2015 parole decision by raising any claims he has exhausted in

the California Supreme Court.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 6) is discharged;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[4]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: September 28, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/zacc1405.114

---

[3] It is unclear from the instant record that petitioner exhausted any challenges to the 2015 Board decision because his first petition filed in the California Supreme Court was denied in 2011, before the challenged Board hearing took place, and his last petition was denied without prejudice to renewal under Butler.

[4] By setting this deadline the court is making no finding or representation that the petition or any amended petition is not subject to dismissal as untimely.