UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ZACCARDI, | No. 2:17-cv-1405 MCE KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| E. ARNOLD, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. In his amended petition, petitioner raises two claims: (1) as a result of the October 16, 2015[1] three year denial of parole, petitioner's sentence is excessive, disproportionate, and cruel and unusual punishment in violation of the Eighth Amendment; and (2) the second degree felony murder rule is void for vagueness. Respondent moves to dismiss this action as barred by the statute of limitations, and for failure to state a cognizable claim. Petitioner filed an opposition, and respondent filed a reply.

As set forth below, the undersigned recommends that the motion to dismiss be granted in part and denied in part.

---

[1] Petitioner also refers to a denial of parole on October 16, 2017. (ECF No. 15 at 9.) However, the parole hearing transcript provided by respondent confirms the parole hearing was October 16, 2015, at which petitioner was informed he would next have a parole hearing in three years. (ECF No. 20-1 at 162.) Thus, petitioner's reference to a 2017 parole hearing was inadvertent.

1

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

////

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007). When a prisoner challenges a decision of the parole board, the statute runs from the date the board's decision becomes final. Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003) (factual predicate of petitioner's challenge to parole board decision was known when parole board denied petitioner's administrative appeal); see Cal. Penal Code § 3041(b)(2) ("After July 30, 2001, any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing. . . ."); Williams v. Rackley, 2016 WL 1360136, at *3 (E.D. Cal. Apr. 6, 2016) (statute of limitations for habeas claim re parole board decision did not begin to run until the 120-day period concluded).

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. See 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v.

3

Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

IV. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. In 1983, petitioner was convicted of second degree murder with use of a firearm. ECF No. 15 at 1.) On August 23, 1983, petitioner was sentenced to a state prison term of 17 years to life. (Id.)

2. Petitioner was denied parole on October 16, 2015. (ECF No. 15 at 4.)

3. On May 11, 2016,[2] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court challenging the 2015 denial of parole, and arguing that his continued confinement violates the Eighth Amendment. (ECF No. 20-1 at 13.) The superior court denied the petition in a reasoned decision on July 8, 2016. (ECF No. 20-1 at 2-6.)

4. On January 24, 2017, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 20-2 at 23.) Petitioner claimed that his sentence violates the Due Process Clause because California's second degree murder statute is unconstitutionally vague, and that his continued confinement constitutes cruel and unusual punishment. (Id.) The petition was summarily denied on February 3, 2017. (ECF No. 20-2 at 2.)

5. On April 19, 2017, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 20-3 at 19.) Petitioner raised the same claims raised in the state appellate court. (Id.) On June 14, 2017, the petition was denied without prejudice to any relief

---

[2] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

4

petitioner might be entitled to under Butler on Habeas Corpus, S237014.[3]  (ECF No. 20-3 at 3.)

6. On July 5, 2017, petitioner filed the instant federal petition.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

V. Limitations Period for Challenges to Underlying Conviction

Respondent argues that petitioner's claims are untimely because he was aware of the factual predicates underlying his two claims at the time he was convicted.  Petitioner argues that his void for vagueness claim is timely based on Johnson v. United States, 135 S. Ct. 2551 (2015) (hereafter "Johnson"), and his Eighth Amendment claim is timely based on the Board's 2015 denial of parole.

For prisoners whose convictions were finalized prior to the enactment of the AEDPA, the statute of limitations began to run on April 25, 1996.  Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002) (citing Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)).  Prisoners in those cases had until April 24, 1997, to seek collateral review in federal court, unless they are entitled to a later start date.  See id.

Here, petitioner was sentenced in 1983.  Therefore, unless a subsection of Section 2244(d) provides for a later initiation of the limitations period, the limitations period expired on April 24, 1997.

VI. Void for Vagueness (Claim Two)

Standing alone, petitioner's challenge to the constitutionality of California's second degree felony murder statute is untimely.  Such claim could have been raised at the time petitioner challenged his 1983 conviction because the language of the statute and other pertinent facts were known to petitioner at that time.

    A. Johnson

Nevertheless, petitioner argues that he is entitled to a new start date under Johnson, decided on June 26, 2015.  In Johnson, the Supreme Court found the residual clause of the Armed

---

[3] The California Supreme Court issued its decision on April 2, 2018.  In re Roy Butler on Habeas Corpus, 4 Cal. 5th 728 (Cal.).  If petitioner is entitled to seek relief under the recent decision in Butler, he must pursue such claims in state court.

5

Career Criminal Act ("ACCA") unconstitutionally vague. ACCA's residual clause defines any crime that "involves conduct that presents a serious potential risk of physical injury to another" as a violent felony. 18 U.S.C. § 924(e)(2)(B). In finding the residual clause violates due process, the Supreme Court found that the residual clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates" and noted its own inability to craft appropriate standards and apply the clause. Johnson, 135 S. Ct. at 2557.

However, Johnson does not apply to petitioner's case. Johnson was narrowly applied to the ACCA, not California's second degree murder statute under which petitioner was convicted.[4] Lopez v. Gastelo, 2016 WL 8453921, at *4 (S.D. Cal. Dec. 5, 2016) (finding that Johnson "is sufficiently narrow that it cannot be applied to Petitioner's [California second degree murder conviction] and thus no later start date is applicable"). Accordingly, Johnson does not represent the Supreme Court's recognition of a new rule of constitutional law applicable to California's second degree murder statute, and petitioner is not entitled to a later start date of the AEDPA statute of limitations. See also Adame v. Hatton, 2017 WL 1364223, at *8-10 (C.D. Cal. Feb. 1, 2017) ("Petitioner's state prison sentence was not enhanced under the ACCA's residual clause, nor was his conviction based on any state analogue of that federal criminal statute. Thus, Johnson did not create a new due process right applicable to Petitioner."); Birdwell v. California, 2016

---

[4] Under California law, murder is defined as "the unlawful killing of a human being, or a fetus, with malice aforethought." Cal. Penal Code § 187. California Penal Code § 189 provides that:

> [a]ll murder which is perpetrated by means of a destructive device or explosive, a weapon of mass destruction, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree. All other kinds of murders are second degree.

Cal. Penal Code § 189. California's second degree murder statute does not contain the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" or comparable language. See Cal. Penal Code § 189.

WL 5897780, at *2 (C.D. Cal. Oct. 5, 2016) (Johnson irrelevant to petitioner's state conviction for second degree felony murder).

Therefore, the time for petitioner to challenge the constitutionality of California's second degree felony murder statute began on the date petitioner's 1983 judgment became final upon expiration of the time for him to seek review under § 2244(d)(1)(A). None of petitioner's state court petitions were filed during such period. Thus, absent equitable tolling, petitioner's second claim is barred by the statute of limitations.

B. Equitable Tolling

Other than reference to his lack of legal training, petitioner raises no arguments in support of equitable tolling in either his petition or his opposition to the motion to dismiss.

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland, 560 U.S. at 649. The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

The Ninth Circuit has repeatedly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Waldron-Ramsey, 556 F.3d at 1013 n.4 (a prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); Baker v. California Dept. of Corrections, 484 Fed. Appx. 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition.") Thus, equitable tolling is not warranted because petitioner lacked legal training or experience.

7

Finally, the amended petition confirms that petitioner was not reasonably diligent. Petitioner waited twenty years before filing the instant action. Such delay cannot support a finding that petitioner diligently pursued his rights.

Therefore, petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

D. Conclusion

For all of the above reasons, the undersigned finds that because Johnson does not provide petitioner with a later trigger date for the calculation of the limitations period, and he is not entitled to equitable tolling for his 20 year delay, petitioner's second claim is time-barred.

VII. Eighth Amendment (Claim One)

In his amended petition, petitioner argues that as a result of the October 16, 2015 parole denial, petitioner's sentence is excessive in proportion and uniformity, and cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 15 at 4.) Petitioner's sentence of 17 years to life is now in its 34th year, and his continued confinement following the 2015 denial of parole violates the Eighth Amendment. (ECF No. 15 at 8.) Petitioner also argues that to continue to deny parole based on static factors is subterfuge where a life prisoner has completed his base term or adjusted base term without aggravating in prison disciplinary behavior demonstrating a threat to the public. (ECF No. 15 at 12-13.)

A. Untimeliness

Initially, respondent argues that petitioner's Eighth Amendment claim is barred by the statute of limitations because petitioner was aware of the facts underlying his claim at the time of sentencing in 1983, and proportionality must be measured at the time of sentencing, not after a denial of parole. (ECF No. 24 at 3, citing Graham v. Florida, 560 U.S. 48, 59-60 (2010).) However, because petitioner alleges that his Eighth Amendment rights were violated as a result of the 2015 denial of parole, such claim could not have been brought at the time of sentencing. Moreover, in Graham, the Court held that it is unconstitutional to allow a juvenile offender to be sentenced to life in prison without parole for a nonhomicide crime. Id., 560 U.S. 48. The undersigned is not persuaded that Graham precludes evaluation of the proportionality of a

prisoner's sentence under the Eighth Amendment following the denial of parole. Id., 560 U.S. at 59-60. Thus, respondent's motion to deny this claim as untimely should be denied.[5]

### B. Failure to State a Claim

Respondent argues that petitioner fails to cite any clearly established Supreme Court precedent holding that an inmate's life sentence can become disproportionate after a parole suitability denial, citing Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (there is no constitutional right to be conditionally released before expiration of a valid sentence). (ECF No. 20 at 3.) In addition, respondent argues that the proportionality of an inmate's sentence is measured by comparing the inmate's crime to the inmate's sentence at the time it was imposed, not after a later parole suitability decision, citing Graham, 560 U.S. at 59-60. Petitioner argues that his continued confinement is disproportionate to the base term and adjusted base term set by the Board, citing In re Butler, 236 Cal. App. 4th 1222 (2015),[6] In re Stoneroad, 215 Cal. App. 4th 596 (2013), and other California cases. (ECF No. 23 at 4-5.) Petitioner argues the Eighth Amendment is clearly established federal law, and the concept of proportionality is central to its ban on cruel and unusual punishment.

A petition for writ of habeas corpus should only be dismissed on a motion to dismiss if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases.

Here, petitioner did not provide a copy of the parole hearing transcript or any other exhibits to his amended petition. In responding to the Eighth Amendment claim, respondent argues the merits of this claim. Respondent does not demonstrate that such claim is not cognizable in this habeas action. A claim that a sentence is disproportionate to the crime is actionable under the Eighth Amendment. See, e.g., Ewing v. Davis, 538 U.S. 11, 20 (2003) (Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital

---

[5] Respondent does not argue that a challenge to the Board's 2015 denial of parole is time-barred.

[6] However, in the amended petition, petitioner argues that while his case is "similar in scope" to Butler, "it is not reliant upon the pending issues of the 2013 base terms for lifers settlement, nor the 2016 statutory reforms to the parole suitability and release date scheme for life prisoners." (ECF No. 15 at 8.)

9

sentences."); Harmelin v. Michigan, 501 U.S. 957 1991) (to determine whether a term of years sentence is grossly disproportionate, a court compares the gravity of the offense and the severity of the sentence; if an inference of gross disproportionality results, the court compares the defendant's sentence with the sentences of other offenders in the same jurisdiction with the sentences imposed for the same crime in other jurisdictions) (quotations omitted).)

Although "successful challenges to the proportionality of particular sentences should be exceedingly rare," Ewing, 538 U.S. at 22 (citing Hutto v. Davis, 454 U.S. 370, 374 (1982)), "the fact that plaintiff may face a high hurdle to succeed on his claim does not mean that he has not stated one." Drakeford v. Lizaraga, 2018 WL 1083888, at *1 (E.D. Cal. Feb. 28, 2018), report and recommendation adopted, 2018 WL 1693448 (E.D. Cal. Apr. 6, 2018) (denial of parole by the Board on the grounds that it renders sentence so long it violates the Eighth Amendment states a cognizable claim; motion to dismiss denied). See also McKissick v. Gastelo, 2017 WL 7049525, at **7-9 (C.D. Cal. Dec. 13, 2017) (claim that governor's reversal of Board's decision violated the Eighth Amendment decided on the merits); Alkebu-Lan v. Hatton, 2017 WL 2222378 (C.D. Cal. Feb. 16, 2017) (claim that denial of parole amounted to cruel and unusual punishment decided on the merits); Jones v. Gastelo, 2016 WL 4435098 (C.D. Cal. June 20, 2016) (same).[7]

Accordingly, respondent's motion to dismiss should be denied as to petitioner's Eighth Amendment claim, and respondent should be ordered to answer such claim.[8]

////

////

---

[7] But see Young v. Sherman, 2017 WL 4811731 (E.D. Cal. Oct. 24, 2017) (claim that prison term grossly disproportionate and violated the Eighth Amendment in light of the Board's denial of parole denied "on the merits" in addressing respondent's motion to dismiss.); Huber v. Lizarraga, 2017 WL 2495175 (C.D. Cal. April 12, 2017) (same).

[8] In his opposition to the motion, other than his citation to the Eighth Amendment, petitioner relied solely on state law. Petitioner is cautioned that violations of state law are not cognizable in federal habeas corpus proceedings. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Thus, in addressing the substance of his Eighth Amendment claim after briefing is completed, this court will rely solely on federal law and the U.S. Constitution.

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 20) be granted in part, and denied in part:

    a. Petitioner's second claim be dismissed as barred by the statute of limitations; and

    b. Respondent's motion to dismiss petitioner's Eighth Amendment claim (claim one) be denied; and

2. Within thirty days from the date of any district court order adopting these findings and recommendations, respondent shall file an answer to petitioner's Eighth Amendment claim (claim one).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/zacc1405.mtd.hc.sol.parole