UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ZACCARDI, | No. 2:17-cv-1405 MCE KJN P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| E. ARNOLD, | |
| Respondent. | |

Introduction

    Petitioner is a former state prisoner challenging the 2015 denial of parole. Respondent filed an answer; petitioner did not file a reply. However, on January 3, 2019, respondent filed a notice of petitioner's release from prison on parole, and argues that because petitioner has been found suitable for parole and released from prison, his challenge to the Board's 2015 denial of parole is moot, citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). As discussed below, petitioner must show cause why this action should not be dismissed as moot.

Petitioner's First Claim

    In his first claim in his amended petition, petitioner alleges that as a result of the October 16, 2015 three-year denial of parole, petitioner's sentence is excessive, disproportionate, and

////

1

cruel and unusual punishment in violation of the Eighth Amendment.[1]  (ECF No. 15 at 4.)

Governing Standards

A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the Constitution.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  This requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding.  Id.  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Id. (quoting Lewis, 494 U.S. at 477).  A habeas petition is moot when the petitioner's claim for relief cannot be redressed by issuance of a writ of habeas corpus by the court.  See id.  Mootness is jurisdictional.  DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).  Thus, this court has an independent duty to consider whether a case is moot.  See, e.g., Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) ("we have an independent duty to consider *sua sponte* whether a case is moot.")  When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot.  Calderon v. Moore, 518 U.S. 149, 150 (1996).

Discussion

Here, the "in custody" requirements of 28 U.S.C. § 2254 were met at the time petitioner filed the petition for writ of habeas corpus, because at that time he was incarcerated and his second claim challenged the legality of the underlying conviction, which always satisfies the case or controversy requirement.  Id.  This requirement is because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon him."  Carafas v. LaValle, 391 U.S. 234, 237 (1968) (quoting Fiswick v. United States, 329 U.S. 211, 222 (1946)).  However, a petition challenging a parole board decision to delay release on parole may be rendered moot by the petitioner's subsequent release.  See Burnett v. Lampert, 432 F.3d 996, 1001 (9th Cir. 2005) (finding prisoner's petition was rendered moot by his release from custody, and his reincarceration was

---

[1] Petitioner's second claim was dismissed as barred by the statute of limitations.  (ECF No. 27.)

2

based on a parole violation, not the Board's actions prior to his first release on parole).

Because petitioner's remaining claim challenges the 2015 denial of parole, it is unclear what relief the court could grant petitioner on his Eighth Amendment claim. Petitioner has now been granted parole and released from prison, so a new parole hearing is not available relief. Under these circumstances, it does not appear that collateral consequences can be presumed. Therefore, petitioner must show cause why this action should not be dismissed because he no longer faces collateral consequences sufficient to meet the case-or-controversy requirement under Article III. In other words, to avoid having this case dismissed as moot, petitioner must demonstrate that collateral consequences pertinent to his parole board challenge exist, and identify relief that could be provided by a favorable court order. In the alternative, petitioner may file a notice of voluntary dismissal.

Petitioner is cautioned that failure to timely show cause will result in a recommendation that this action be dismissed as moot.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the date of this order, petitioner shall show cause, if any he has, why this action should not be dismissed as moot; respondent shall file a reply within fourteen days thereafter.

Dated: January 25, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/zacc1405.osc

3